UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RICHARD EDWARD BRILLHART,

              Petitioner,

vs.                        Case No.  2:07-cv-428-FtM-29DNF
                              Case No.  2:03-cr-121-FtM-29DNF

UNITED STATES OF AMERICA,

              Respondent.
_____

**OPINION AND ORDER**

_____This matter comes before the Court on petitioner Richard Edward Brillhart's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Cv. Doc. #1)[1] and Memorandum (Cv. Doc. #2), both filed on July 5, 2007. The United States filed its Response in Opposition (Cv. Doc. #10) on July 30, 2007. On August 15, 2007, petitioner filed a Response to United States' Response (Cv. Doc. #11), and on August 23, 2007, petitioner filed an Additional Reply to United States' Response (Cv. Doc. #13).

Petitioner sought leave to amend his § 2255 petition (Cv. Doc. #18), which was granted by the Court (Cv. Doc. #22). Petitioner filed an Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set

_____

    [1]The Court will make references to the dockets in the instant action and in the related criminal case throughout this Opinion. The Court will refer to the docket of the civil habeas case as "Cv. Doc." and will refer to the underlying criminal case as "Cr. Doc."

Aside, or Correct Sentence By a Person in Federal Custody (Cv. Doc. #27) and Amended Memorandum (Cv. Doc. #28) on May 23, 2008. Petitioner filed an Additional Supplemental Brief (Cv. Doc. #77) on December 1, 2008.

Also before the Court are the following Motions: (1) Motion to Schedule an Evidentiary Hearing on Petitioner's 28 U.S.C. § 2255 Motion (Cv. Doc. #33); (2) Motion for Recusal or Disqualification of the Honorable Judge John Steele Pursuant to 28 U.S.C. §§ 144 & 455 (Cv. Doc. #64); (3) Motion to Schedule Evidentiary Hearing or in the Alternative Rule on Pending 28 U.S.C. § 2255 Motion (Cv. Doc. #66); (4) Motion for an Evidentiary Hearing (Cv. Doc. #67); (5) Motion for and to Schedule an Evidentiary Hearing on Mr. Brillhart's 28 U.S.C. § 2255 Habeas Petition (Cv. Doc. #71); (6) Motion for Evidentiary Hearing (Cv. Doc. #76); (7) Motion to Schedule and Have an Evidentiary Hearing on Petitioner's Section 2255 Petition (Cv. Doc. #81); and (8) Motion for Habeas Review and Motion to Schedule an Evidentiary Hearing on Section 2255 Petition (Cv. Doc. #84). Because petitioner is proceeding *pro se*, the Court construes all of his filings liberally. See Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003).

## I.

On October 29, 2003, a federal grand jury in Fort Myers, Florida returned a three-count Indictment (Cr. Doc. #12) charging petitioner Richard Edward Brillhart (petitioner or Brillhart) with

Transportation of Child Pornography (Count One), Possession of Child Pornography (Count Two), and Publishing an Advertisement Seeking or Offering Child Pornography (County Three). On June 28, 2004, petitioner pled guilty to Count Two of the Indictment (Cr. Doc. #51). On September 27, 2004, the Court sentenced petitioner to a 240-month term of imprisonment, to be followed by supervised release for life. (Cr. Doc. #56.) Judgment (Cr. Doc. #57) was filed the next day.

Petitioner, through counsel, filed a Notice of Appeal (Cr. Doc. #58) on October 1, 2004. On February 10, 2006, the Eleventh Circuit Court of Appeals rejected petitioner's argument that the sentencing court erred in refusing to apply an offense level reduction for acceptance of responsibility pursuant to Sentencing Guidelines § 3E1.1., but reversed petitioner's sentence for statutory error in light of United States v. Booker, 543 U.S. 220 (2005). The case was remanded so that petitioner could be sentenced under the advisory Sentencing Guidelines system. (Cr. Doc. #79); United States v. Brillhart, 166 Fed. Appx. 447 (11th Cir. 2006).

On June 19, 2006, the Court conducted a sentencing hearing upon remand from the Eleventh Circuit, and re-imposed the same sentence. (Cr. Docs. ## 90, 91.) A Notice of Appeal (Cr. Doc. # 93) was filed by counsel on June 27, 2006, and petitioner's sentence was affirmed on appeal. (Cr. Doc. #109); United States v. Brillhart, 227 Fed. Appx. 876 (11th Cir. 2007).

Petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2241 in the Eastern District of North Carolina. This was denied by the District Court in April, 2007; the denial was affirmed by the Fourth Circuit Court of Appeals, <u>Brillhart v. Johns</u>, 241 Fed. Appx. 978 (4th Cir. 2007), and *certiorari* was denied by the U.S. Supreme Court on November 13, 2007, <u>Brillhart v. Johns</u>, 128 S. Ct. 633 (2007).

Read liberally, petitioner's Amended § 2255 Petition and Memorandum set forth the following claims: (1) The sentencing court committed <u>Booker</u> constitutional error by enhancing his sentence under Sentencing Guidelines § 2G2.2(b)(7) for possessing more than 600 images, when petitioner only admitted to possessing "hundreds of images"; (2) ineffective assistance of counsel at both sentencing hearings because his attorneys failed to argue for a downward departure under Sentencing Guidelines § 3B1.2; (3) ineffective assistance of counsel during the pre-trial phase because his attorney failed to investigate exculpatory evidence consisting of an audiotape from petitioner's wife, which contained petitioner's friend admitting that he used petitioner's e-mail accounts to trade and post child pornography; (4) ineffective assistance of counsel at re-sentencing because his attorney failed to object to petitioner's "criminal history" calculation on the basis that the two convictions were related because they had been consolidated for sentencing in state court; (5) ineffective assistance of counsel during the guilty plea because his attorney

-4-

advised him that he would receive only a maximum of ten years imprisonment if he pled guilty to Count Two; (6) ineffective assistance of counsel because his attorneys failed to ask for a competency hearing before the guilty plea or sentencing hearings; (7) ineffective assistance of counsel because his appellate attorney failed to argue on appeal that the sentencing court erred in applying the "pattern of activity" enhancement under Sentencing Guidelines § 2G2.2(b)(5); and (8) ineffective assistance of counsel at re-sentencing because his attorney failed to call Dr. Muriel Yi Yi Myint to testify about petitioner's mental health.  (See Cv. Docs. ## 27, 28.)  Petitioner's original § 2255 petition contained two issues which were omitted from the Amended Petition; petitioner also filed a reply (Cv. Doc. #13) containing one issue not raised in the Amended Petition.  Given petitioner's *pro se* status, the Court will consider these additional issues: (9) ineffective assistance of counsel because his attorney failed to make the same objections to the factual basis at the second guilty plea colloquy as he did at the first guilty plea colloquy; (10) error by the district court in failing to *sua sponte* conduct a competency evaluation and hearing; and (11) unconstitutional search and seizure by use of an outdated and expired search warrant.  (See Cv. Docs. ## 1, 2, 13.)

**II.**

In Ground I, petitioner argues that the sentencing court committed <u>Booker</u> constitutional error by enhancing his sentence under Sentencing Guidelines § 2G2.2(b)(7) for possessing more than 600 images, when petitioner only admitted to possession of "hundreds of images." (<u>See</u> Cv. Doc. #27, pp. 4-5; Cv. Doc. #28, p. 3; Cv. Doc. #77, pp. 2-3.) This issue is without merit for several reasons.

The Eleventh Circuit rejected petitioner's argument on his first direct appeal, stating that petitioner admitted at his second plea colloquy that he had hundreds of images; petitioner had therefore admitted the facts used to enhance his sentence, and thus there was no Sixth Amendment error under <u>Booker</u>. <u>See</u> <u>Brillhart</u>, 166 Fed. Appx. at 449-50 (citing <u>United States v. Shelton</u>, 400 F.3d 1325, 1330 (11th Cir. 2005)). Upon petitioner's second direct appeal, the Eleventh Circuit affirmed petitioner's sentence and noted: "Brillhart disputes admitting to conduct involving over 600 images. But even if Brillhart were to prevail on the clear error element, he can show no manifest injustice. As long as Brillhart's offense involved at least 10 images (he concedes he admitted to more than that number), the new sentencing range would still exceed the 240-month statutory maximum; Brillhart would receive the same sentence of 240 months' imprisonment." <u>Brillhart</u>, 227 Fed. Appx. at 878 n.2.

A § 2255 proceeding cannot be used to relitigate questions which were raised and considered on direct appeal. United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000) ("The district court is not required to reconsider claims of error that were raised and disposed of on direct appeal."), *cert. denied*, 531 U.S. 1131 (2001); United States v. Rowan, 663 F.2d 1034, 1035 (11th Cir. 1981). Therefore, in most cases, disposition of an issue on direct appeal precludes further review in a subsequent § 2255 proceeding. Mills v. United States, 36 F.3d 1052, 1056 (11th Cir. 1994), *cert. denied*, 514 U.S. 1112 (1995). Here, the Eleventh Circuit considered and rejected petitioner's claim, and petitioner has shown no reason to revisit this issue.

Additionally, even if the Court were to revisit this issue, petitioner has not shown that it is meritorious. At the sentencing hearing on remand, petitioner and counsel were given the Presentence Report. When asked by the Court, defense counsel stated that there were no factual objections or objections to the application of the Sentencing Guidelines. (Cr. Doc. #97, pp. 4, 8.) "It is the law of this circuit that a failure to object to allegations of fact in a PSI admits those facts for sentencing purposes." United States v. Wade, 458 F.3d 1273, 1277 (11th Cir. 2006) (citations omitted). Therefore, since petitioner effectively admitted to possessing over 600 images, there was no error in applying the applicable five-level adjustment because the offense

involved over 600 images. Additionally, petitioner filed Objections (Cr. Doc. #89) including an objection to paragraph 55 of the Presentence Report, which addressed the issue of the 600 images, but counsel specifically withdrew that objection at the sentencing hearing. (Cr. Doc. #97, p. 5.) Where a defendant raises and then knowingly withdraws an objection to his sentence, the objection is waived and will not be reviewed. E.g., United States v. Masters, 118 F.3d 1524, 1526 (11th Cir. 1997). Thus, petitioner's motions are denied as to Ground One.

## III.

Most of petitioner's claims involve issues of ineffective assistance of counsel. The Supreme Court established a two-part test for determining whether a convicted person is entitled to habeas relief on the ground that his or her counsel rendered ineffective assistance: (1) whether counsel's representation was deficient, i.e., "fell below an objective standard of reasonableness" "under prevailing professional norms"; and (2) whether the deficient performance prejudiced the defendant, i.e., there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (quoting Strickland, 466 U.S. at 690). This judicial

scrutiny is "highly deferential." Id. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689-90. An attorney is not ineffective for failing to raise or preserve a meritless issue. Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir. 1989); United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992).

The same deficient performance and prejudice standards apply to appellate counsel. Smith v. Robbins, 528 U.S. 259, 285-86 (2000); Roe v. Flores-Ortega, 528 U.S. at 476-77. If the Court finds that there has been deficient performance by counsel, it must examine the merits of the claim omitted on appeal. If the omitted claim would have had a reasonable probability of success on appeal, then the deficient performance resulted in prejudice. Joiner v. United States, 103 F.3d 961, 963 (11th Cir. 1997). Nonmeritorious claims which are not raised on direct appeal do not constitute ineffective assistance of counsel. Diaz v. Sec'y for the Dep't of Corr., 402 F.3d 1136, 1144-45 (11th Cir. 2005).

**A.**

In Ground Two, petitioner argues that his attorneys at both sentencing hearings provided ineffective assistance because both failed to seek a downward departure under Sentencing Guidelines § 3B1.2 for being a minimal participant in the offense. (See Cv. Doc. #27, p. 5-7; Cv. Doc. #28, pp. 4-5; Cv. Doc. #77, p. 3.) This is so, petitioner argues, because the discovery revealed that he

traded child pornography with other participants via the internet; petitioner asserts that his culpability was relatively minor compared to that of these other online participants.

The Court accepts petitioner's characterization of the discovery provided to his attorneys, but finds no ineffective assistance of counsel. Petitioner was not entitled to a downward adjustment for his role in the offense simply because he was trading child pornography on the internet and others were trading as well. Petitioner was only held accountable for those images with which he was personally involved. Petitioner points to nothing which would have suggested to a reasonable attorney that his role was less than that of others involved in internet trading. Petitioner was simply not entitled to a role reduction under the Sentencing Guidelines. <u>United States v. Everett</u>, 129 F.3d 1222 (11th Cir. 1997). Accordingly, neither attorney provided ineffective assistance by failing to seek a downward adjustment based upon petitioner's role in the offense. Thus, petitioner's motions are denied as to Ground Two.

**B.**

In Ground Three, petitioner argues that his attorney was ineffective during the pre-trial phase of the case because he failed to investigate exculpatory evidence. (<u>See</u> Cv. Doc. #27, pp. 7-8; Cv. Doc. #28, p. 5; Cv. Doc. #77, p. 4.) Petitioner asserts that this exculpatory evidence consisted of an audiotape that petitioner's wife gave to his attorney, which contained the voice

of petitioner's friend, Curtis Baginski, admitting that he used petitioner's e-mail account to trade and post child pornography. Petitioner argues that if he had possessed this information before his plea hearing, he might have gone to trial rather than plead guilty.

The record reflects that defense counsel knew early in the case that others had access to petitioner's e-mail account and that petitioner maintained that his friend had sent child pornography from the account. At the preliminary hearing, defense counsel cross-examined the case agent as to whether petitioner's wife and his friend Baginski had access to the password, whether his wife had access to and used the account, and that while Baginski had not been fully interviewed, he denied using the account to send child pornography. (Cr. Doc. #17, pp. 12-14.) Baginski was present in the courtroom for the preliminary hearing. Petitioner's wife testified at the preliminary hearing that she had accessed petitioner's e-mail account, found child pornography on it, and confronted petitioner. Petitioner told her he knew nothing about the child pornography, that he was not sure if Baginski had sent it to him, that Baginski had access to his account password, and that petitioner's explanation for the child pornography was that Baginski sent it to petitioner. (Cr. Doc. #17, p. 39.)

Additionally, the case agent had surveilled petitioner at two public libraries accessing child pornography on the library computers (see id. at pp. 10, 19). Petitioner has never denied the

factual basis that supports his guilty plea to Count Two; rather, there were two guilty plea colloquies in which petitioner admitted his guilt. "A guilty plea is more than a confession which admits that the accused did various acts. It is an admission that he committed the crime charged against him. By entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime." United States v. Broce, 488 U.S. 563, 570 (1989) (internal quotations and citations omitted). Additionally, at two sentencing hearings, petitioner again acknowledged his guilt and his need for treatment. The fact that a friend may have also used petitioner's computer and e-mail accounts to trade and post child pornography did not diminish petitioner's admitted guilt and did not provide a reasonable defense counsel with any basis to recommend trial instead of a guilty plea. The record establishes that petitioner's attorney did know about Baginski's use of petitioner's computer and that counsel did not provide ineffective assistance in the handling of the case. Thus, petitioner's motions are denied as to Ground Three.

## C.

In Ground Four, petitioner argues that his attorney at re-sentencing provided ineffective assistance by failing to object to petitioner's criminal history calculation. (See Cv. Doc. #27, p. 8; Cv. Doc. #28, pp. 5-6; Cv. Doc. #77, pp. 4-5.) Petitioner argues that his two convictions should have been counted as a

single conviction under Sentencing Guidelines § 4A1.2(a)(2),
Application Note 3, because they had been consolidated for
sentencing in state court and the sentences were to run
concurrently.

Under the Sentencing Guidelines, criminal history points are
assigned for each prior sentence, but those prior sentences
stemming from "related" cases are "treated as one sentence."  U.S.
SENTENCING GUIDELINES MANUAL §§ 4A1.1(a)-(c); 4A1.2(a)(2) (2003).  In
other words, "[i]n calculating a criminal history score under §
4A1.2(a)(2), prior sentences imposed for related convictions should
be counted as one sentence, but unrelated cases are counted
separately."  United States v. Wilks, 464 F.3d 1240, 1243 (11th
Cir. 2006).  At the time of petitioner's sentencing and re-
sentencing, Application Note 3 to § 4A1.2 stated in relevant part
that:

> Prior sentences are not considered related if they were
> for offenses that were separated by an intervening arrest
> (*i.e.,* the defendant is arrested for the first offense
> prior to committing the second offense).  Otherwise,
> prior sentences are considered related if they resulted
> from offenses that (1) occurred on the same occasion, (2)
> were part of a single common scheme or plan, or (3) were
> consolidated for trial and sentencing.

U.S. SENTENCING GUIDELINES MANUAL § 4A1.2 cmt. n.3 (2003, 2005).  In
United States v. Hunter, 323 F.3d 1314, 1322-23 (11th Cir. 2003),
the Eleventh Circuit stated: "The language of Note 3 is clear. In
determining whether cases are related, the first question is always
whether the underlying offenses are separated by an intervening

-13-

arrest.  This inquiry is preliminary to any consideration of consolidated sentencing, as reflected by use of the word 'otherwise.'"

The Presentence Report establishes the following with regard to petitioner's criminal history:  On July 27, 1999, petitioner pled guilty in a Michigan state court to Criminal Sexual Conduct, 4th Degree.  On October 5, 1999, petitioner was placed on three years of probation on that conviction.  On August 3, 2000, petitioner was arrested in Michigan for violating his probation and charged with Failure to Register as a sex offender.  On September 26, 2000, petitioner was convicted and sentenced to one year in the county jail on the Failure to Register conviction.  Also on September 26, 2000, petitioner pled *nolo contendere* to violation of probation in the Criminal Sexual Conduct, 4th Degree case, and was sentenced to one year in jail, with probation extended for six months.  On March 28, 2002, petitioner pled guilty to violation of probation in the Criminal Sexual Conduct, 4th Degree case, and was sentenced to 16-24 months imprisonment.  The Criminal Sexual Conduct, 4th Degree conviction was scored as 3 points pursuant to Sentencing Guidelines § 4A1.1(a) because the ultimate sentence of imprisonment exceeded one year and one month; the Failure to Register conviction was scored as 2 points pursuant to Sentencing Guidelines § 4A1.1(b) because the sentence of imprisonment was at least 60 days but not more than 13 months.  See Presentence Report, pp. 12, 13.

It is clear that petitioner was arrested for the Criminal Sexual Assault offense prior to committing the Failure to Register offense. Thus, there was an intervening arrest and these convictions are not "related" and must be counted separately. Counsel did not provide ineffective assistance of counsel by failing to assert otherwise. Thus, petitioner's motions are denied as to Ground Four.

## D.

In Ground Five, petitioner argues that his attorney provided ineffective assistance during the guilty plea phase because his attorney advised him that if he pled guilty to Count Two, the maximum sentence he would receive would be ten years of imprisonment. (See Cv. Doc. #27, p. 9; Cv. Doc. #28, pp. 6-7; Cv. Doc. #77, pp. 5-6.) The record refutes petitioner's assertion.

The government filed an Amended Notice of Penalties, Elements and Facts stating that the penalty for Count Two was "a mandatory minimum term of imprisonment of ten (10) years up to twenty (20) years, . . . ." (See Cr. Doc. #49, p. 1.) At the guilty plea colloquy as to Count Two, petitioner attempted to fire his attorney because, in part, counsel told petitioner he could be sentenced to fifteen years instead of ten years. (See Cr. Doc. # 68, pp. 3-4.) During the plea colloquy itself, the Court took a recess so that petitioner could read the Amended Notice of Penalties, Elements and Facts; afterwards, petitioner affirmed that he had read the document and still wanted to plead guilty to Count Two. (See id.,

pp. 6-7.)   The Court specifically informed petitioner that the maximum penalty was a mandatory minimum of ten years up to twenty years of imprisonment.   (See id., p. 16.)   The Court finds that petitioner was fully aware that he could receive a sentence of more than ten years, and that no ineffective assistance of counsel has been shown.   Thus, petitioner's motions are denied as to Ground Five.

**E.**

In Ground Six, petitioner argues that both his attorneys provided ineffective assistance because both attorneys failed to ask for a competency hearing prior to the guilty plea or sentencing hearings.   (See Cv. Doc. #27, p. 9; Cv. Doc. #28, pp. 7-10; Cv. Doc. #77, pp. 6-9.) Petitioner argues that because his attorney requested and was granted a psychological evaluation by Dr. Myint, counsel must have had a *bona fide* doubt about petitioner's competency.   Petitioner further argues that the failure to request a competency hearing deprived him of his right to compulsory process and confrontation, as well as a fair trial.

It is well established that the conviction of a legally incompetent person violates due process.   Pate v. Robinson, 383 U.S. 375, 378 (1966); Cooper v. Oklahoma, 517 U.S. 348, 354 (1996); Medina v. Singletary, 59 F.3d 1095, 1106 (11th Cir. 1995), *cert*. *denied*, 517 U.S. 1247 (1996).   A court has a due process obligation to conduct a competency hearing, even if one has not been

requested, if there is reasonable cause to believe a defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. Pate, 383 U.S. at 385; 18 U.S.C. § 4241. In order to trigger the trial court's obligation to order a competency evaluation and hearing, the court must have information raising a "*bona fide* doubt" as to the defendant's competency. Watts v. Singletary, 87 F.3d 1282, 1286-87 (11th Cir. 1996), *cert*. *denied*, 520 U.S. 1267 (1997). This standard of proof is high, and the facts must positively, unequivocally, and clearly generate the *bona fide* doubt. Battle v. United States, 419 F.3d 1292, 1299 (11th Cir. 2005). Relevant information includes evidence of defendant's irrational behavior, demeanor at trial or in hearings, and prior medical opinion regarding his competence. Tiller v. Esposito, 911 F.2d 575, 576 (11th Cir. 1990). If this procedural competency claim is not raised on direct appeal, it is procedurally defaulted. Battle, 419 F.3d at 1298.

The record affirmatively establishes that there was never a *bona fide* doubt as to petitioner's competency, that no competency hearing was required, and that counsel did not provide ineffective assistance by failing to request that a competency hearing be held. As petitioner states, defense counsel obtained a mental health evaluation for petitioner, and requested and obtained an order

transporting petitioner to receive this evaluation. (See Cr. Docs. ## 26, 27.) Defense counsel filed a motion, to continue the case to obtain this evaluation, which was granted. (See Cr. Docs. ## 29, 30.) The evaluation was received and reviewed by defense counsel, and did not suggest incompetency. (See Cr. Doc. #107, Exh. B.) Defense counsel sought a continuance and extension of the plea cut-off date in order to complete negotiations with the government. (See Cr. Doc. #34.) The motions were granted. (See Cr. Docs. ## 36, 37.) The undersigned then conducted a change of plea hearing on April 21, 2004. (See Cr. Doc. #46.) At the hearing, petitioner stated that he did not suffer from any mental or emotional disability and that he had never been treated for any mental illness. (See id. at p. 5.) The Court pursued and further questioned petitioner's statement, and was again informed that petitioner did not suffer from any mental or emotional handicap. (See id.) Counsel for both petitioner and the government stated that there was no reason to believe that petitioner was incompetent to enter a guilty plea. (See id. at p. 6.) Petitioner stated that he was satisfied with his attorney, and had told his attorney everything he knew about the case. (See id. at pp. 8-9.) During a second guilty plea colloquy before the undersigned on June 28, 2004, petitioner requested a new attorney and sought another evaluation because he did not agree with the way Dr. Myint had evaluated him. (See Cr. Doc. #68, pp. 3-4.) The undersigned refused to discharge counsel and found no need for a further

evaluation, and petitioner decided to plead guilty to Count Two. Petitioner again told the Court that he did not suffer from any mental or emotional disability.  (<u>See</u> Cr. Doc. #68, p. 10.)

At the original sentencing hearing, defense counsel submitted the report of Dr. Myint for the proposition that petitioner needed treatment for his problem with child pornography.  (<u>See</u> Cr. Doc. #69, pp. 12-13.)  At the sentencing on remand, new defense counsel argued that there should be a downward departure because petitioner was bipolar and he had a diminished mental capacity.  (<u>See</u> Cr. Doc. #97, pp. 7, 29-31.)  In short, however, nothing presented to counsel or to the Court suggested a *bona fide* doubt as to petitioner's competency, or that a mental competency hearing should have been held.  Therefore, this ground lacks merit and petitioner's motions are denied as to Ground Six.

**F.**

In Ground Seven, petitioner argues that his appellate attorney provided ineffective assistance by failing to argue on appeal that the sentencing court erred in applying the "pattern of activity" enhancement under Sentencing Guidelines § 2G2.2(b)(4).  (<u>See</u> Cv. Doc. #27, p. 9; Cv. Doc. #28, pp. 10-12; Cv. Doc. #77, pp. 9-10.) Petitioner argues that the government failed to prove at sentencing that there were two or more qualifying events to establish such a pattern.  Initially, petitioner argued that neither his conviction in Michigan for Criminal Sexual Conduct, 4th Degree, nor his

probation violation for engaging in sexual relations with his sixteen-year-old girlfriend qualified as an instance of sexual abuse or exploitation of a minor. (See Cv. Doc. #28, pp. 10-12.) In later submissions, petitioner concedes that his conviction for Criminal Sexual Conduct, 4th Degree, constitutes the first instance of sexual abuse or exploitation of a minor, but argues that there was no evidence of a second qualifying incident. (Cv. Doc. #77, pp. 9-10.)

Sentencing Guidelines § 2G2.2(b)(4) provided for a five-level increase in the base offense level where "the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor, . . . ." U.S. SENTENCING GUIDELINES MANUAL § 2G2.2(b)(4) (2003).[2] Application Note 1 of the Commentary to this section states that a "[p]attern of activity involving the sexual abuse or exploitation of a minor" means "any combination of two or more separate instances of the sexual abuse or sexual exploitation of a minor by the defendant, whether or not the abuse or exploitation (A) occurred during the course of the offense; (B) involved the same or different victims; or (C) resulted in a conviction for such conduct." U.S. SENTENCING GUIDELINES MANUAL § 2G2.2 cmt. n.1 (2003).

---

[2]Section 2G2.2 was amended effective November 1, 2004, and this section was re-designated § 2G2.2(b)(5). The text of the enhancement provision was unchanged, but the commentary was altered. The Court applies the Sentencing Guidelines provision in existence at the time of petitioner's original sentencing. 18 U.S.C. § 3742(g)(1) (2003); United States v. Hair, ___ Fed. Appx. _, No. 07-15419, 2008 WL 4821670 (11th Cir. Nov. 7, 2008).

"Sexual abuse or exploitation" is defined to mean "conduct constituting criminal sexual abuse of a minor, sexual exploitation of a minor, abusive sexual contact of a minor, any similar offense under state law, or an attempt or conspiracy to commit any of the above offenses." Id.

Petitioner initially argued that his conviction for Criminal Sexual Conduct, 4th Degree in Michigan did not constitute a qualifying instance for purposes of establishing a pattern of activity because the applicable statute, MCL 750.520e(1)(b), prohibits "sexual contact" with another person and therefore purportedly does not relate to the sexual abuse or exploitation of a minor. (See Cv. Doc. #28, p. 11.) MCL 750.520e prohibits "sexual contact" with another person under certain enumerated circumstances, including when the person is "at least 13 years of age but less than 16 years of age, and the [defendant] is 5 or more years older," or if "[f]orce or coercion is used to accomplish the sexual contact." MICH. COMP. LAWS ANN. § 750.520e(1)(a), (b) (2007). "Sexual contact" includes the intentional touching of the victim's intimate parts or the clothing covering the immediate area of the victim's intimate parts, if that intentional touching can reasonably be construed as being for the purpose of sexual arousal or gratification, or done for a sexual purpose. MICH. COMP. LAWS ANN. § 750.520a(q) (2007). Petitioner's conviction, as set forth in the Presentence Report and admitted by petitioner, involved his sexual activity with a fifteen-year-old girl. Sexual activity with a

fifteen-year-old girl certainly constitutes "sexual abuse or exploitation of a minor" within the meaning of Sentencing Guidelines § 2G2.2(b)(4).

The second qualifying incident is based on sexual contact between petitioner and a sixteen-year-old girl who later became his wife. This sexual activity resulted in the pregnancy of the sixteen-year-old and constituted contact which was expressly prohibited by the conditions of probation imposed on petitioner as a result of his Criminal Sexual Contact, 4th Degree, conviction. Petitioner argues that this does not constitute a qualifying incident because the age of consent in Michigan is 16 years of age, and there was no evidence of any sexual abuse or exploitation other than consensual sexual activity with this particular 16-year-old. While the age of consent in Michigan is 16 years old, the definition of a "minor" under the Sentencing Guidelines is an individual under 18 years of age, and petitioner's sexual activity was in direct violation of his probation. Accordingly, this activity at least qualifies as "any similar offense" under the Sentencing Guidelines definition of "sexual abuse or exploitation." Thus, petitioner's appellate attorney did not render ineffective assistance of counsel by failing to raise the "pattern of activity" issue on direct appeal, and petitioner's motions are denied as to Ground Seven.

**G.**

In Ground Eight, petitioner argues that his attorney provided ineffective assistance at re-sentencing by failing to call Dr. Myint to testify about petitioner's mental health (see Cv. Doc. #27, pp. 9-10; Cv. Doc. #28, p. 12; Cv. Doc. #77, pp. 10-11). Petitioner argues that Dr. Myint's testimony would have been relevant to qualify him for a sentencing departure for diminished capacity under Sentencing Guidelines § 5K2.13, and to his state of mind with regard to acceptance of responsibility.

Petitioner's counsel did not call Dr. Myint to testify in person; however, petitioner's counsel submitted to the Court, and the Court reviewed, the report prepared by Dr. Myint at the initial sentencing hearing, even though petitioner had previously stated at his second guilty plea colloquy that he disagreed with her evaluation (see Cr. Doc. #68, p. 4). At the sentencing on remand, petitioner's new attorney argued for a downward departure based on petitioner's bipolar disorder and purported diminished mental capacity. (See Cr. Doc. #97, pp. 7, 29-31; Cv Doc. #28, p. 12.) Petitioner points to nothing in Dr. Myint's report, which diagnoses petitioner with bipolar disorder and alcohol abuse, that should compel a reasonable attorney to subpoena Dr. Myint to testify in addition to providing the written report. The Court examined the viability of petitioner's mental competency or capacity claims in connection with its discussion of Ground Six in this Opinion, and found insufficient support for those claims. Thus, for the reasons

stated here and in the Court's discussion of Ground Six above, the Court finds that this ground lacks merit and petitioner's motions are denied as to Ground Eight.

**H.**

In Ground Nine, petitioner asserts that his attorney provided ineffective assistance by failing to object to portions of the government's factual basis at the second guilty plea colloquy that he had objected to at the first guilty plea colloquy.[3]

During petitioner's first guilty plea colloquy, his attorney twice stated his opinion that the government's factual basis contained "too much detail," but contrary to petitioner's assertion, did not raise a formal objection on the matter. (See Cr. Doc. #46, pp. 19, 22.) Petitioner's attorney stated his belief that the factual summary presented by the government was accurate and contained matters within petitioner's knowledge; however, petitioner's attorney was concerned that the government provided an abundance of detail in its Notice of Penalties, Elements and Facts, which might cause some confusion for petitioner during the colloquy (see id.). For petitioner's second guilty plea colloquy, the government filed an Amended Notice of Penalties, Elements and Facts, which contained the exact same factual pattern set out in petitioner's initial colloquy (see Cr. Doc. #68, pp. 6, 20.)

---

[3]This ground was labeled "Ground Five" in petitioner's initial § 2255 motion. (See Cv. Doc. #1, p. 7; Cv. Doc. #2, pp. 11-12.) While the ground was asserted in petitioner's original motion, it was not asserted in his subsequent amendments.

Petitioner's attorney did not repeat his initial reservations about the amount of detail in the factual basis, the Court took a recess so that petitioner could review the Amended Notice, and when the Court questioned petitioner about whether he committed the offense in the manner described in the Amended Notice, the defendant replied in the affirmative. (See id. at p. 24.)

Even assuming, liberally, that the attorney's statements during the initial colloquy constituted a formal objection to the government's factual basis, petitioner points to nothing which would have suggested to a reasonable attorney the need to reassert the objection at the second colloquy. Accordingly, petitioner's attorney did not provide ineffective assistance by failing to object to the government's factual basis at petitioner's second guilty plea colloquy. Thus, petitioner's motions are denied as to Ground Nine.

## I.

In Ground Ten, petitioner asserts that the district court committed constitutional error by failing to *sua sponte* conduct a competency evaluation and hearing.[4] Petitioner argues that a court must *sua sponte* conduct an inquiry into a defendant's mental capacity if the evidence raises a *bona fide* doubt as to the

---

[4]This ground was labeled "Ground Six" in petitioner's initial § 2255 motion. (See Cv. Doc. #1, p. 7; Cv. Doc. #2, pp. 12-14.) While the ground was asserted in petitioner's original motion, it was not asserted in his subsequent amendments.

defendant's competency at that time; petitioner asserts that the Court erred by declined to do so.  (See Cv. Doc. #2, pp. 13-14.)

The Court examined this issue in connection with its discussion of Ground Six in this Opinion, finding neither support for the existence of *bona fide* doubt as to petitioner's competency, nor that a competency hearing should have been held for any other reason.  For the reasons articulated in its discussion of Ground Six above, the Court finds that petitioner's motions are denied as to Ground Ten.

**J.**

In Ground Eleven, petitioner asserts that his conviction was obtained by the use of evidence gained pursuant to an unconstitutional search and seizure, by an outdated and expired search warrant.  Petitioner raised this ground in his Additional Reply to respondent's response to petitioner's § 2255 motion, in which the ground was labeled "Ground Nine."  (See Cv. Doc. #13, p. 4.)  The ground was not asserted in any of his prior or subsequent motions, nor in the trial court or on direct appeal in the criminal proceedings.  No cause has been shown for these failures, nor has manifest injustice been shown, and the issue is therefore procedurally defaulted.  See, e.g., DiPietro v. United States, 251 Fed. Appx. 606, 607 (11th Cir. 2007) (per curiam) ("A criminal defendant who fails to object at trial, or to raise an available ground of error on direct appeal, is procedurally barred from

raising the claim in a § 2255 motion, absent a showing of cause and prejudice or a fundamental miscarriage of justice.") (citing <u>Mills v. United States</u>, 36 F.3d 1052, 1055 (11th Cir. 1994)).

Furthermore, the Court finds that defendant waived the ground by entering a guilty plea. <u>See, e.g.</u>, <u>United States v. Betancourth</u>, No. 07-14710, 2009 WL 66420, ___ F.3d ___ (11th Cir. Jan. 13, 2009) (defendant who enters an unconditional plea of guilty waives all nonjurisdictional challenges to the conviction); <u>United States v. Smith</u>, 532 F.3d 1125, 1127 (11th Cir. 2008) (same); <u>Wilson v. United States</u>, 962 F.2d 996, 997 (11th Cir. 1992) (same). Thus, the Court finds that petitioner's motions are denied as to Ground Eleven.

## IV.

In seven separate motions, petitioner requests that the Court conduct an evidentiary hearing on petitioner's pending § 2255 motion. (<u>See</u> Cv. Doc. #33; Cv. Doc. #66; Cv. Doc. #67; Cv. Doc. #71; Cv. Doc. #76; Cv. Doc. #81; Cv. Doc. #84.) Petitioner seeks an evidentiary hearing because he claims that the record is not fully developed as to the following: petitioner's mental state and competency generally, petitioner's competency and sanity prior to and at the time of his guilty plea, and communications between counsel, petitioner and petitioner's wife. (<u>See</u> Cv. Doc. #33; Cv. Doc. #66; Cv. Doc. #67; Cv. Doc. #71; Cv. Doc. #76; Cv. Doc. #81; Cv. Doc. #84.)

The Eleventh Circuit has held that if a petitioner "alleges facts that, if true, would entitle him to relief, then the district court should order an evidentiary hearing and rule on the merits of his claim." <u>Aron v. United States</u>, 291 F.3d 708, 714 n.5 (11th Cir. 2002). A hearing is not required, however, "where the petitioner's allegations are affirmatively contradicted in the record" or where petitioner's claims are "based upon unsupported generalizations." <u>Saunders v. United States</u>, 278 Fed. Appx. 976, 978 (11th Cir. 2008) (citing <u>Holmes v. United States</u>, 876 F.2d 1545, 1553 (11th Cir. 1989)). <u>See also</u> <u>Lynn v. United States</u>, 365 F.3d 1225, 1238-39 (11th Cir. 2004) (district court not required to grant evidentiary hearing when petitioner's affidavit merely contains unsupported conclusory allegations) (citing <u>Tejada v. Dugger</u>, 941 F.2d 1551, 1559 (11th Cir. 1991) (same)). Here, petitioner has failed to allege facts that, if true, would entitle him to relief; the issues of petitioner's mental competency and the referenced communications between petitioner, his wife and counsel, have been analyzed by the Court in this Opinion and found to lack merit. Additionally, petitioner has failed to provide "reasonably specific, non-conclusory facts" in his affidavits to support his request for an evidentiary hearing.[5] <u>See</u> <u>Saunders</u>, 278 Fed. Appx.

---

[5]For instance, in a motion characteristic of petitioner's motions for an evidentiary hearing, petitioner provides the following support: "It is clear from Grounds raised by Petitioner that Petitioner's mental states/competency is being questioned, that there [were] communications between counsel and Petitioner and

(continued...)

-28-

at 978. Thus, the Court finds that petitioner is not entitled to an evidentiary hearing and that petitioner's motions requesting an evidentiary hearing are denied.

**V.**

Petitioner filed a Motion for Recusal or Disqualification of the Honorable Judge John Steele Pursuant to 28 U.S.C. § 144 & 455 (Cv. Doc. #64). Petitioner previously filed a similar motion (see Cv. Doc. #25) on May 22, 2008, which the Court denied (see Cv. Doc. #38). In this instance, petitioner again seeks disqualification or recusal of the undersigned because the undersigned denied motions filed by petitioner against respondent in the habeas case and prior cases, the undersigned ruled against petitioner in a previous order (Cv. Doc. #62),[6] the undersigned characterized a motion filed by petitioner as being without merit and frivolous, petitioner hopes to call the undersigned as a witness in his § 2255 case, and the undersigned has purportedly revealed a "high degree of favoritism" towards respondent. (See Cv. Doc. #64, p. 2.)

Pursuant to 28 U.S.C. § 144, a party may file a "timely and sufficient affidavit" alleging bias or prejudice of a judge. Under the statute, a timely affidavit must be filed "not less than ten

---

[5](...continued)
Petitioner's wife, therefore the record is not fully developed." (Cv. Doc. #33, p. 1.)

[6]Petitioner references the order as "Civil Document 63," but as that document is petitioner's own supplemental brief, the Court assumes that petitioner intended to cite to the Court's order, Cv. Doc. #62.

days before the beginning of the term at which the proceeding is to be heard, . . . ." 28 U.S.C. § 144. Petitioner's affidavit is clearly not timely under the statute.

Furthermore, pursuant to 28 U.S.C. § 455(a),[7] disqualification is appropriate only "'if a reasonable person, knowing all the circumstances, would expect that the judge would have actual knowledge' of his [or her] interest or bias in the case." <u>See</u> <u>Sao Paulo State of the Federative Republic of Brazil v. Am. Tobacco Co.</u>, 122 S. Ct. 1290, 1292 (2002) (citing <u>Liljeberg v. Health Servs. Acquisition Corp.</u>, 486 U.S. 847, 861 (1988)); <u>Byrne v. Nezhat</u>, 261 F.3d 1075, 1101 (11th Cir. 2001). The Court finds that a reasonable person would not find an interest or bias in the case requiring recusal by the undersigned. As the Court stated in its prior Opinion (Cv Doc. #38), merely ruling adversely against petitioner, or favorably for respondent, on petitioner's motions is not grounds for recusal or disqualification. <u>See, e.g.</u>, <u>Byrne</u>, 261 F.3d at 1103. The Court further rejects the other bases raised. Therefore, the motion will be denied.

Accordingly, it is now

**ORDERED:**

1. Petitioner's Motion for Evidentiary Hearing on Petitioner's 28 U.S.C. § 2255 Motion (Cv. Doc. #33) is **DENIED.**

---

[7]28 U.S.C. § 455(a) states that "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

2. Petitioner's Motion for Recusal or Disqualification of the Honorable Judge John Steele Pursuant to 28 U.S.C. § 144 & 455 (Cv. Doc. #64) is **DENIED.**

3. Petitioner's Motion to Schedule Evidentiary Hearing or in the Alternative Rule on Pending 28 U.S.C. § 2255 Motion (Cv. Doc. #66) is **DENIED.**

4. Petitioner's Motion for a Evidentiary Hearing (Cv. Doc. #67) is **DENIED.**

5. Petitioner's Motion For and To Schedule An Evidentiary Hearing on Mr. Brillhart's 28 U.S.C. § 2255 Habeas Petition (Cv. Doc. #71) is **DENIED.**

6. Petitioner's Motion for Evidentiary Hearing (Cv. Doc. #76) is **DENIED.**

7. Petitioner's Motion to Schedule and Have a Evidentiary Hearing on Petitioner's Section 2255 Petition (Cv. Doc. #81) is **DENIED.**

8. Petitioner's Motion for Habeas Review and Motion to Schedule a Evidentiary Hearing on Section 2255 Petition (Cv. Doc. #84) is **DENIED.**

9. Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Cv. Doc. #1) is **DENIED** as to all claims for the reasons set forth above.

10. Petitioner's Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, and to Correct, Sentence By a Person in Federal

Custody (Cv. Doc. #27) is **DENIED** as to all claims for the reasons set forth above.

11. The Clerk of the Court shall enter judgment accordingly and close the civil file. The Clerk shall place a copy of the civil Judgment in the criminal file.

**DONE AND ORDERED** at Fort Myers, Florida, this __23rd__ day of February, 2009.


_____
**JOHN E. STEELE**
**United States District Judge**


Copies:
Richard Edward Brillhart
Counsel of record